ORIGINAL

FILED

FEB 1 4 2017

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 16-821 C
Filed: February 14, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EPHRAIN JOSEPH, | 18 U.S.C. § 981(a)(1)(C) (Property Subject To Forfeiture To The United States); |
| Plaintiff, *pro se*, | 18 U.S.C. § 983(d) (Innocent Owner Defense); |
| v. | 21 U.S.C. § 881(a)(6) (Controlled Substances Act); |
| THE UNITED STATES, | Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) (Subject Matter Jurisdiction); |
| Defendant. | RCFC 15(a) (Amendment of Pleadings); |
| | RCFC 41(b) (Failure to Prosecute). |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Ephrain Joseph**, *pro se*, Plaintiff.

**Mollie Lenore Finnan**, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I.    RELEVANT FACTUAL BACKGROUND.[1]

Ephrain Joseph sent a package containing $48,880 by the United States Postal Service, "for the purpose of purchasing a property." Compl. ¶¶ 1, 4. On June 23, 2015, the United States Postal Inspection Service ("USPIS") seized Mr. Joseph's package as illegal proceeds from the sale of narcotics and property used to facilitate unlawful drug crimes. Compl. at 1. On December 11, 2015, the Government filed a Complaint in the United States District Court for the Western District of Texas, seeking forfeiture of the $48,880 under 18 U.S.C. § 981(a)(1)(C)[2] of the Civil Assets

---

[1] The relevant facts were derived from the July 11, 2016 Complaint ("Compl.").

[2] The Civil Assets Forfeiture Reform Act, in part, provides,

(a)(1) The following property is subject to forfeiture to the United States:

\*          \*          \*

Forfeiture Reform Act ("CAFRA") and 21 U.S.C. § 881(a)(6)[3] of the Controlled Substances Act ("CSA").[4]

## II.   PROCEDURAL HISTORY.

On July 11, 2016, Mr. Joseph ("Plaintiff") filed a Complaint in the United States Court of Federal Claims alleging that the Government improperly seized the $48,880, because Plaintiff was an "innocent owner," under 18 U.S.C. § 983(d).[5]   Compl. ¶ 2.   On that same day, Plaintiff filed a

---

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity," [including the manufacture, importation, sale, or distribution of a controlled substance].

18 U.S.C. § 981(a)(1)(C).

[3] The Controlled Substances Act, in part, provides,

(a) . . . The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\*       \*       \*

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

[4] "[F]or the purposes of [a] motion to dismiss [the court] must take all the factual allegations in the complaint as true, [but] we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).   The July 11, 2016 Complaint alleges that "the [f]ederal laws that govern [this] forfeiture action . . . are [] 19 U.S.C. §§ 1602–1621."   Compl. at 1.   As a matter of law, however, the statutes in this case are provided by 18 U.S.C. 981(a)(1) and 21 U.S.C. § 881(a)(6).   Complaint at ¶ 2, *United States v. $48,880.00, More or Less, In U.S. Currency*, No. 15-364 (W.D. Tex. Dec. 11, 2015) ("This is a civil forfeiture action *in rem* brought against the Respondent Property . . . pursuant to 18 U.S.C. § 981(a)(l) and 21 U.S.C. § 881(a)(6).").

[5] The Innocent Owner Defense states that, "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.   The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." 18 U.S.C. § 983(d)(1).

Motion To Proceed *In Forma Pauperis*. ECF No. 3. On August 3, 2016, the court granted Plaintiff's Motion To Proceed *In Forma Pauperis*. ECF No. 5.

On September 9, 2016, the Government filed a Motion To Dismiss for lack of subject matter jurisdiction, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1) ("Gov't Mot."). Plaintiff's Response was due on October 11, 2016. But, as of December 2, 2016, Plaintiff did not file any response or objection. On December 2, 2016, the court issued an Order instructing Plaintiff to show cause why this case should not be dismissed for failure to prosecute, pursuant to RCFC 41(b). ECF No. 7. That same day, Plaintiff filed a Motion For Extension Of Time To File A Response. ECF No. 8. On December 6, 2016, the court granted that motion. ECF No. 9.

On January 3, 2017, Plaintiff filed a Response to the December 2, 2016 Show Cause Order (ECF No. 10), and a Response to the Government's September 9, 2016 Motion To Dismiss and Motion For Leave To Amend The Complaint ("Pl. Resp."). On January 17, 2017, the Government filed a Reply ("Gov't Reply").

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, however, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provide a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.    Standard Of Review For Motion To Dismiss, Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading. . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

### C.    Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### D.    Whether The United States Court Of Federal Claims Has Jurisdiction To Adjudicate The Claims Alleged In The July 11, 2016 Complaint.

#### 1.    The Government's Argument.

The Government construed the July 11, 2016 Complaint to identify four claims, alleging violations of: (1) federal forfeiture statutes; (2) the Takings Clause of the Fifth Amendment; (3) the Due Process Clause of the Fifth Amendment; and (4) the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 500–706. Gov't Mot. at 4.

The Government argues that the court does not have jurisdiction to adjudicate the validity of civil asset forfeitures, under the CAFRA or CSA, because those statutes create a comprehensive scheme for administrative and judicial review that preempts the court's Tucker Act jurisdiction. Gov't Mot. at 4.

The Government also argues that the United States Court of Appeals for the Federal Circuit has held that the United States Court of Claims does not have jurisdiction over a Fifth Amendment taking claim, based on the Government's *in rem* forfeiture of property, because Plaintiff could have participated in the forfeiture proceedings. Gov't Mot. at 5.

In addition, the court does not have jurisdiction to adjudicate violations to the Due Process Clause of the Fifth Amendment, because it is not money-mandating. Gov't Mot. at 5. Nor does the court have jurisdiction to adjudicate claims alleging procedural errors under the APA, without identifying an independent substantive right to money damages. Gov't Mot. at 5.

4

**2.      Plaintiff's Response.**

Plaintiff responds that the court has jurisdiction to adjudicate the claims alleged in the July 11, 2016 Complaint, because "Plaintiff has not been afforded due process regarding the seizure of his property." Pl. Resp. at 3.

**3.      The Government's Reply.**

The Government replies that Plaintiff's Response does not address the arguments raised in the September 9, 2016 Motion To Dismiss.  Gov't Reply at 2.

**4.      The Court's Resolution.**

The court reads the July 11, 2016 Complaint to allege four possible claims: (1) unlawful seizure of assets under 21 U.S.C. § 881 and 18 U.S.C. § 981; (2) unjust compensation under the Takings Clause of the Fifth Amendment; (3) violation of due process under the Fifth Amendment; and (4) unlawful, arbitrary, and capricious agency action under the APA. *See Ruderer*, 412 F.2d at 1292 (holding that the court examines a *pro se* complaint "to see if the plaintiff has a cause of action somewhere displayed").

As to the July 11, 2016 Complaint's unlawful seizure of assets claim, the United States Court of Appeals for the Federal Circuit has held that, by enacting 21 U.S.C. § 881 and 18 U.S.C. § 981, Congress intended "to preempt any Tucker Act jurisdiction over a money claim that challenges the propriety of an *in rem* administrative forfeiture of property[.]" *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *see also Innovair Aviation, Ltd. v. United States*, 632 F.3d 1336, 1342 (Fed. Cir. 2011) ("Congress created a comprehensive administrative and judicial review of government forfeitures under 21 U.S.C. § 881 and 18 U.S.C. § 981. . . . [T]his statutory scheme evinces Congress' intent to preempt any Tucker Act jurisdiction."). Therefore, the court does not have jurisdiction to adjudicate the Complaint's claim that the forfeiture of Plaintiff's assets was unlawful under 21 U.S.C. § 881 and 18 U.S.C. § 981.

Likewise, the United States Court of Federal Claims does not have jurisdiction over a Fifth Amendment Takings Clause claim based on the Government's *in rem* forfeiture of property, if the plaintiff could have participated in the forfeiture proceedings. *See Vereda*, 271 F.3d at 1376. The July 11, 2016 Complaint does not allege that the Plaintiff was unable to participate in the prior forfeiture proceedings.  In any event, Plaintiff's remedy lies in a motion for reconsideration in the district court, unless that action is now final.

In addition, "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Therefore, the court does not have jurisdiction to adjudicate the July 11, 2016 Complaint's allegation that the Government's seizure of Plaintiff's property violated the Due Process Clause of the Fifth Amendment.

Finally, "the APA does not authorize an award of money damages[.]" *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006).  In fact, "section 10(a) of the APA, 5 U.S.C. § 702, specifically limits the [APA] to actions 'seeking relief other than money

damages.'" *Id.* Therefore, to the extent that the July 11, 2016 Complaint seeks an award of money damages under the APA, the court does not have jurisdiction to adjudicate that claim.

>       **E.      Whether The Court Should Grant Plaintiff Leave To File An Amended Complaint.**

A party may amend its pleadings once as a matter of course. *See* RCFC 15(a)(1). "In all other cases a party may amend its pleading *only* with the opposing party's written consent or the court's leave." RCFC 15(a)(2). Although the court should freely give leave to amend when justice requires, "[f]utility of the proposed amendment is an adequate reason to deny leave." *Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1333 (Fed. Cir. 2000). "When a party faces the possibility of being denied leave to amend on the ground of futility, that party must . . . proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006).

In this case, Plaintiff contends that "[t]he amended complaint [] will comply with the Tucker Act . . . and the [money-mandating] source of law." Pl. Resp. at 3. But, Plaintiff does not identify any specific money-mandating provision that the court may adjudicate under the Tucker Act. Instead, Plaintiff argues that he "has not been afforded due process regarding the seizure of his property." Pl. Resp. at 4. Since the Plaintiff does not propose any amendment that would cure the jurisdictional defects of the July 11, 2016 Complaint, the court has determined that the proposed amendment would be futile.

>       **IV.     CONCLUSION.**

For these reasons, the Government's September 9, 2016 Motion To Dismiss is granted. *See* RCFC 12(b)(1). The Clerk is directed to dismiss the July 11, 2016 Complaint.


**IT IS SO ORDERED.**


_____
**SUSAN G. BRADEN**
**Judge**